**Matthew Singer**, OSB #055090
Email: msinger@schwabe.com
**Kelly S. Riggs**, OSB #094862
Email: kriggs@schwabe.com
**Thomas J. Payne**, OSB #165168
Email: tpayne@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KELCIE SANTIAGO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PEACEHEALTH, a Washington non-profit organization; PEACEHEALTH SACRED HEART MEDICAL CENTER AT RIVERBEND, the assumed business name for PEACEHEALTH, a Washington non-profit organization; and PEACEHEALTH RIVERBEND, LLC, a domestic limited liability corporation,<br><br>Defendants. | Case No.: 6:24-cv-00077<br><br>**NOTICE OF REMOVAL**<br><br>DEMAND FOR JURY TRIAL |

    **PLEASE TAKE NOTICE** that Defendants PeaceHealth, PeaceHealth Sacred Heart Medical Center at Riverbend, and PeaceHealth Riverbend, LLC (collectively "PeaceHealth Defendants"), hereby file this Notice of Removal of the above-referenced action from the Circuit Court of the State of Oregon for the County of Lane, in which it is now pending, to the United

Page 1 -   NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

States District Court, District of Oregon, Eugene Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Moreover, pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. As grounds for removal, PeaceHealth Defendants state as follows:

### I.     Relevant Background

1.     Plaintiff commenced this litigation by filing a Complaint on November 17, 2023, in the Circuit Court of the State of Oregon for the County of Lane, with Case No. 23CV47352 (the "State Court Action"). In her Complaint, Plaintiff alleges several state-law claims arising from Plaintiff's employment with PeaceHealth. Plaintiff's complaint seeks $650,000 in damages.

2.     Counsel for PeaceHealth Defendants signed an acceptance of service on December 13, 2023 (without waiver and subject to reservation of all rights and defenses other than sufficiency of service). See Exhibit A, p. 23.

3.     As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A.

4.     No further proceedings have been had in the Circuit Court of the State of Oregon, County of Lane, as of the date of the filing of this Notice of Removal. PeaceHealth Defendants have not answered the Complaint. The deadline to answer or otherwise respond has not yet expired. PeaceHealth Defendants will answer or otherwise respond to the Complaint in compliance with the deadlines set forth in Fed. R. Civ. P. 81(c).

5.     As more fully explained below, this case is properly removed to this Court under 28 U.S.C. § 1441 because removal is timely, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441, and PeaceHealth Defendants have satisfied the procedural requirements for removal.

Page 2 -     NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## II. The Removal is Timely.

6. As noted above, PeaceHealth Defendants accepted service of the Complaint on December 13, 2023. Accordingly, this notice of removal is filed within 30 days of service of the initial pleading setting forth the claims for relief upon which such action is based and, therefore, is timely under 28 U.S.C. § 1446(b).

## III. Venue and Jurisdiction Are Proper in This Court

7. Pursuant to 28 U.S.C. § 117 and LR 3-2(a)(3), venue is proper in the United States District Court for the District of Oregon, Eugene Division, as this is the District corresponding to and embracing the place where the State Court Action was pending.

### A. The Parties are Diverse

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because, pursuant to 28 U.S.C. § 1332(a), the Court has original jurisdiction over all civil actions between "[c]itizens of different States" where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

9. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332, as Plaintiff is completely diverse from all PeaceHealth Defendants.

10. Specifically, the parties of this action are citizens or subjects of the following states:

   a. Upon information and belief, at the time the action was commenced and the time this removal is filed, Plaintiff Kelcie Santiago is and was domiciled in, and thus a citizen of, the State of Oregon. Complaint, ¶ 1.

   b. At the time the action was commenced and the time this removal is filed, PeaceHealth was and is incorporated in the State of Washington, with its principal place of business and corporate headquarters in the State of Washington. Declaration of Rebecca Boyette in Support of Notice of Removal ("Boyette Decl."), ¶¶ 3–4, Ex. 1. A corporation is a citizen of the state where it is incorporated and where its principal place of business is located. 28 U.S.C.

Page 3 -     NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

§ 1332(c)(1). With regards to diversity, a corporation's "principal place of business" is its "nerve center," which is defined as the "place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination," and that a corporation has only one "nerve center" under 28 U.S.C. § 1332. *Hertz Corp. v. Friend et al.,* 559 U.S. 77, 93–95, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

        c.        PeaceHealth Sacred Heart Medical Center at RiverBend is an assumed business name of PeaceHealth. Boyette Decl., ¶ 5 & Ex. 2. An assumed business name is not a separate corporate entity from its registrant. *See* ORS 648.005(1) (defining assumed business name).

        d.        At the time the action was commenced and at the time this removal is filed, PeaceHealth RiverBend, LLC ("PR LLC"), was and is a citizen of Delaware, Tennessee, and Washington. For diversity-jurisdiction purposes, PR LLC has the citizenship of its members. *E.g. Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1085 (9th Cir. 2014), citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). PR LLC's members are PeaceHealth and LPNT IRF Development 70, LLC. Boyette Decl., ¶ 6 & Ex. 3. As explained above, PeaceHealth is a citizen of Washington. LifePoint Health, Inc. ("LifePoint"), is the sole entity or person whose citizenship is attributable to LPNT IRF Development 70, LLC.[1] *Id.*, ¶ 7. LifePoint is a Delaware corporation with its principal place of business in Brentwood, Tennessee. *Id.*, ¶ 8. LifePoint is, therefore, a citizen of Delaware and Tennessee. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 93–95. Accordingly, because of its membership, PR LLC is a citizen of Delaware, Tennessee, and Washington.

---

[1] LPNT IRF Development 70, LLC, is a wholly owned subsidiary of LifePoint through a number of subsidiary LLCs.

Page 4 -     NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

### B.     The Amount in Controversy Exceeds $75,000

11.     When jurisdiction is based on diversity of citizenship, removal of an action is proper where the amount in controversy exceeds an aggregate amount of $75,000. 28 U.S.C. § 1332(a). In the Complaint, Plaintiff prays for $650,000 (*See* Exhibit A). This amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and thus the amount in controversy exceeds the jurisdictional minimum of this Court.

12.     The Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). The defendant is not required to set forth evidence establishing the amount in controversy. *Id.* Additionally, "[i]f the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" § 1446(c)(2); *Id.* at 84.

### IV.     Filing of Procedurally Proper Removal Papers

13.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the State of Oregon, County of Lane. A true and correct copy of Defendant's Notice to State Court of Removal of Action Under 28 U.S.C. §§ 1332, 1441, and 1446 filed in the Circuit Court of the State of Oregon, County of Lane, is attached hereto as Exhibit B.

14.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), upon information and belief, no other parties have been joined and served as defendants in this action.

15.     All procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied, and this case is hereby removed pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332.

16.     PeaceHealth Defendants reserve all defenses to Plaintiff's claims. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, including but not limited to (1) lack of jurisdiction; (2) improper

Page 5 -     NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

venue; (3) improper joinder of claims and/or parties; (4) failure to state a claim; (5) failure to join an indispensable party or parties; or (6) any other pertinent defense available.

Dated this 11th day of January, 2024.

          Respectfully submitted,

          SCHWABE, WILLIAMSON & WYATT, P.C.

By:    s/ Thomas J. Payne
        Matthew Singer, OSB #055090
        Email: msinger@schwabe.com
        Kelly S. Riggs, OSB #094862
        Email: kriggs@schwabe.com
        Thomas J. Payne, OSB #165168
        Email: tpayne@schwabe.com
        Telephone: 503-222-9981
        Facsimile: 503-796-2900

        Of Attorneys for Defendants

Page 6 -    NOTICE OF REMOVAL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on 11th day of January, 2024, I served the following NOTICE OF REMOVAL on the following party at the following address:

David M. Hannon
Crispin Hannon LLC
1834 SW 58th Avenue, Suite 200
Portland, OR 97221
Telephone: 503-293-5770
Facsimile: 503-293-5766
Email: dave@employmentlaw-nw.com

    Of Attorneys for Plaintiff

by:

- [ ] U.S. Postal Service, ordinary first class mail
- [ ] U.S. Postal Service, certified or registered mail, return receipt requested
- [ ] hand delivery
- [ ] facsimile
- [x] electronic service
- [ ] other (specify) _____

    s/ Thomas J. Payne
    Thomas J. Payne, OSB #165168

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129564\282951\AGL\40715474.1