11/17/2023 4:01 PM
23CV47352

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF LANE**

| | |
|---|---|
| **KELCIE SANTIAGO**, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Workers' Compensation Discrimination; Age Discrimination; Disability Discrimination; Failure to Accommodate; Failure to Engage in Interactive Process; Oregon Sick Leave Violation; Retaliation; Wrongful Discharge; Intentional Infliction of Emotional Distress) |
| **PEACEHEALTH**, a Washington non-profit organization; **PEACEHEALTH SACRED HEART MEDICAL CENTER AT RIVERBEND**, the assumed business name for **PEACEHEALTH**, a Washington non-profit organization; and **PEACEHEALTH RIVERBEND, LLC**, a domestic limited liability corporation, | Claims Not Subject to Mandatory Arbitration |
| | DEMAND FOR JURY TRIAL |
| | **Prayer:**      **$650,000.00** |
| Defendants. | Filing Fee:    $594.00 |
| | ORS 21.160(1)(c) |

Plaintiff, Kelcie Santiago, alleges:

**PARTIES AND VENUE**

1.

Plaintiff Kelcie Santiago (hereinafter "Plaintiff Santiago") is an individual who resides in Lane County, Oregon. Plaintiff is a woman and over the age of 50.

2.

At all times material herein, PeaceHealth was and is a Washington non-profit

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

organization licensed and authorized to do business in the state of Oregon and engaged in the

business of providing medical care to patients at various locations, including PeaceHealth Sacred

Heart Medical Center at Riverbend.

3.

PeaceHealth Sacred Heart Medical Center at Riverbend is the assumed business name of

PeaceHealth in Washington. PeaceHealth Sacred Heart Medical Center at Riverbend is located in

Lane County, Oregon. At all material times PeaceHealth Sacred Heart Medical Center at

Riverbend employed 15 or more employees.

4.

PeaceHealth Riverbend, LLC is a domestic limited liability company and, on information

and belief, is associated with PeaceHealth Sacred Heart Medical Center at Riverbend and

PeaceHealth in Washington. PeaceHealth Riverbend, LLC is located in Lane County, Oregon.

5.

On information and belief, PeaceHealth in Washington, PeaceHealth Sacred Heart

Medical Center at Riverbend, and PeaceHealth Riverbend, LLC (hereinafter "Defendants") are

under a common enterprise.

6.

The pertinent events that occurred in this case happened in Lane County, Oregon. This

Court has jurisdiction over this matter, and Lane County is the proper venue.

///

///

///

PAGE 2 – **COMPLAINT**

**GENERAL ALLEGATIONS**

7.

Plaintiff Santiago began assisting in labor and delivery at age 21. After raising her own children and attending over 100 births with a midwife, she decided to go back to school and become a registered nurse. She obtained her nursing degree in 1996 from Lane Community College.

8.

PeaceHealth Sacred Heart Medical Center at Riverbend hired Plaintiff Santiago to work as a registered nurse ("RN") in its Labor and Delivery unit on September 6, 1996. During her 27 years as an RN, Plaintiff Santiago worked in the Labor & Delivery unit and was an exemplary employee, with no disciplinary issues at any point in her career. Plaintiff Santiago loved her job and planned to continue working at PeaceHealth Sacred Heart Medical Center at Riverbend until retirement.

9.

On December 12, 2012, Plaintiff Santiago sustained an injury at work. Plaintiff Santiago is a small woman at 5'1 and 100 pounds. She sustained a left shoulder tear after helping another RN move a 450-pound patient. Plaintiff Santiago underwent surgery and post-surgery recovery and was back working modified duty six weeks later. Once released to full duty, she returned to work in a full-time, unrestricted capacity, and had no issues for six years.

10.

On May 20, 2019, Plaintiff Santiago sustained another work injury causing a left shoulder tear. Following this injury, Plaintiff Santiago observed that she was treated harshly and

PAGE 3 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

with some level of hostility by her employer. Specifically, while working in a modified capacity post-injury in July 2019, Plaintiff Santiago was abruptly removed from work mid-shift and told by a new person in Human Resources, Jennifer Volz, that "modified duty is not for malingerers or people who might go to surgery. It's for people who are getting better." She was then sent home. Plaintiff Santiago underwent surgery three months later. After she was released back to work, Plaintiff Santiago had to fight hard to return to work. PeaceHealth Sacred Heart Medical Center at Riverbend would not let her return to work, despite a full release. In fact, her employer, and specifically Jennifer Volz, did not let her return to work for another five months.

11.

Thereafter, Plaintiff Santiago sustained a third work injury on November 1, 2020. This new injury occurred during a patient-move. The patient in question broke the finger of the RN caring for her the day before (notably, this RN was allowed modified duty right after her surgery, while her hand was still in a cast). The following day, Plaintiff Santiago was working with two other hospital employees to move the same patient to the bedside commode and then back to the bed. Plaintiff Santiago sustained a right-shoulder tear as a result of the encounter. Plaintiff Santiago continued to work through the pain out of fear and worry over her employer's reaction, especially following the ill-treatment associated with the 2019 work injury.

12.

Plaintiff Santiago reported her work-related injury and was still working following her report of injury. Unfortunately, Plaintiff Santiago sustained a broken jaw following an unrelated bicycling accident. The unrelated bicycle injury occurred after Plaintiff Santiago reported her work-related right shoulder injury. Plaintiff Santiago was hospitalized and had to have her jaw

PAGE 4 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

Exhibit A
Page 4 of 23

wired shut. While recovering from the bicycle accident, Plaintiff Santiago was notified by the workers' compensation carrier that her claim was accepted.

13.

Plaintiff Santiago underwent surgery for a torn right shoulder rotator cuff on April 2, 2021. While Plaintiff Santiago was off work, recovering from her work-related injury, she was fully capable of doing modified work post-operatively as determined by her doctor. Despite this, PeaceHealth Sacred Heart Medical Center at Riverbend refused to give Plaintiff Santiago modified duty. Despite multiple requests for modified duty, Plaintiff Santiago was stonewalled. During this period, Plaintiff Santiago observed that other employees who were injured on the same unit that she worked were allowed to return to work in modified capacities. These employees were all younger than Plaintiff Santiago.

14.

In September 2021, Plaintiff Santiago was contacted by the employer's return-to-work specialist, Kim Cobbs. Ms. Cobbs offered Plaintiff Santiago a modified position in the Intensive Care Unit (ICU) overseeing the use of personal protective equipment as the unit's "PPE Champion." The modified position fit within the parameters of Plaintiff Santiago's work restrictions, as she was charged with helping personnel don and doff protective equipment while working in the covid portion of the ICU. Plaintiff Santiago accepted the position as she desperately wanted to return to work and be a part of a team.

15.

Plaintiff Santiago was excited to return to work after so many months away from the job. Following her acceptance, Plaintiff Santiago signed up for shifts through October 1, 2021. She

PAGE 5 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

completed two shifts on September 1st and 2nd when, to her surprise, she received an email from Ms. Cobbs telling her that the position was no longer available. She was told that the National Guard would be doing her job instead. Plaintiff Santiago was told that another modified job would be given to her. However, she was never offered another position.

16.

Plaintiff Santiago continued to communicate with her manager, Amy Smith, during this time. Plaintiff Santiago was left with the impression from Ms. Smith that she would be brought back to work soon. In fact, Ms. Smith gave Plaintiff Santiago two days of re-orientation to the computer systems on October 27 and 28, 2021. Plaintiff Santiago continued to communicate with Ms. Smith about work-related matters until she stopped receiving responses to her inquiries on November 8, 2021. After this point, no one at PeaceHealth Sacred Heart Medical Center at Riverbend, including Ms. Smith, would respond to Plaintiff Santiago's letters or other attempts at communication. Plaintiff Santiago was alarmed by the lack of communication. She sent another letter and included supervisor Lisa Quezada. She again received no response. Plaintiff Santiago wrote a letter to Jennifer Volz in Human Resources asking what was going on, and again she received no response.

17.

On February 9, 2022, Plaintiff Santiago underwent a second right shoulder surgery related to her work injury. Plaintiff Santiago continued to participate in physical therapy and worked tirelessly post-operatively so that she could return to work.

///

///

PAGE 6 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

Exhibit A
Page 6 of 23

18.

Plaintiff Santiago again inquired about returning to modified work in any capacity. The new return-to-work specialist, Laurie Mickes, declined to offer any return-to-work options for Plaintiff Santiago. Ms. Mickes shared with Plaintiff Santiago that her manager and other people in her Labor and Delivery unit were told to stop communicating with Plaintiff Santiago.

19.

Plaintiff Santiago was released to work by her surgeon in October 2022. Unfortunately, Plaintiff Santiago had permanent disability in her right shoulder because of her work injury, requiring permanent restrictions. While Plaintiff Santiago was not able to return to her position as a nurse in the Labor and Delivery unit, there were other nursing positions at PeaceHealth Sacred Heart Medical Center at Riverbend that would have fallen within her restrictions. However, the employer never engaged in an interactive process with Plaintiff Santiago.

20.

Plaintiff Santiago was contacted by a new return-to-work specialist, Margie Cooper, who advised that the employer wanted Plaintiff Santiago back at work. Despite these affirmations, Ms. Cooper rarely if ever responded to Plaintiff Santiago's inquiries. Then, in January 2023, Ms. Cooper contacted Plaintiff Santiago stating that she had a position for her. Unfortunately, Ms. Cooper never reached out to Plaintiff Santiago again about a job and Plaintiff Santiago has not returned to work.

21.

Ms. Cooper's assertion that the employer wanted Plaintiff Santiago to return to work was in direct contradiction to the employer's attempt to get Plaintiff Santiago to sign an employment

PAGE 7 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

release in January 2023 in consideration of $100.00, whereby she would "voluntarily resign" and her rights to assert legal claims against the employer, including the claims alleged herein, would be extinguished. Plaintiff Santiago declined to sign the document.

22.

Plaintiff Santiago filed a complaint with the Bureau of Labor and Industries (BOLI). On August 22, 2023, BOLI sent Plaintiff Santiago a Right to Sue letter.

23.

Plaintiff Santiago contacted the employer's Human Resources phone number on November 10, 2023 after she realized she was unable to access her work emails any longer. She spoke with a representative named "Chris" who told her the reason she was unable to access her work email was because "You are no longer employed by PeaceHealth as of September 20, 2023." Plaintiff Santiago expressed shock over this revelation, as PeaceHealth Sacred Heart Medical Center at Riverbend never reached out to her or sent anything to her in the mail or via email advising of her change in employment status. She asked, "So, I've been fired?" to which the representative eventually asked, "You have not received any written notice from PeaceHealth?" When Plaintiff Santiago stated this was the case, the representative took down her name and phone number and advised that he would mark her inquiry as "critical" and send it to a higher Human Resources official. As of the date of this filing, Plaintiff Santiago still has not received any direct communication from the employer about her employment status.

///

///

///

PAGE 8 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

Exhibit A
Page 8 of 23

**DAMAGES ALLEGATIONS**

24.

As a result of the unlawful and/or tortious actions alleged herein, Plaintiff Santiago has and will continue to suffer economic damages. Plaintiff Santiago is entitled to recover from Defendants such current, future, and ongoing lost wages and benefits of employment and other economic losses, including medical expenses, in such amount as may be established at trial. Solely for the purpose of ORCP 18B, Plaintiff Santiago estimates and alleges her economic damages as $300,000.00.

25.

As a further result of Defendants' actions alleged herein, Plaintiff Santiago has suffered and continues to suffer noneconomic damages, including physical, emotional, and mental harm, and is entitled to recover from Defendants an amount found to be appropriate by a jury based on the evidence presented at trial or $200, whichever is greater. Solely for the purposes of ORCP 18B, Plaintiff Santiago estimates and alleges her noneconomic damages as $350,000.00.

26.

Defendants' acts were done intentionally and with discriminatory motive and with malice or ill will or with knowledge that Defendants' actions violated state law or with reckless disregard or callous indifference to the risk that their actions violated state law. Plaintiff Santiago intends to move the court to permit an amendment to this complaint to assert a claim for an assessment of punitive damages in an amount to be found appropriate by a jury, to punish Defendants and to deter Defendants and others from similar conduct in the future.

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

27.

Plaintiff Santiago is entitled to a declaration that Defendants acted in violation of the statutes set forth in Plaintiff Santiago's complaint and to such injunctive relief as the court finds appropriate to cause Defendants to stop these violations of law and disregard of the rights of persons protected by state law.

28.

Plaintiff Santiago is entitled to recover her reasonable attorneys' and expert witness fees and costs incurred herein pursuant to ORS 659A.885 and/or ORS 20.107.

**FIRST CLAIM FOR RELIEF**

**(Workers' Compensation Discrimination)**

29.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

30.

ORS 659A.040(1) makes it an "unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656…."

31.

Plaintiff Santiago sustained work-related injuries for which she invoked and/or utilized the workers' compensation system. The employer discriminated and/or retaliated against Plaintiff Santiago by refusing to return her to modified or full-duty work, refusing to

PAGE 10 – **COMPLAINT**

CRISPIN HANNON LLC
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

communicate with her about her employment status, treating her differently, and ultimately terminating her.

32.

The employer violated ORS 659A.040(1) in its employment practices with Plaintiff Santiago, all of which were motivated in whole or in part by her invocation of and use of the workers' compensation system.

**SECOND CLAIM FOR RELIEF**

**(Age Discrimination)**

33.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

34.

ORS 659A.030(1)(a) and (b) makes it an unlawful employment practice for an employer to discriminate against an individual by refusing to hire or employ them, or by refusing to compensate them, including in terms, conditions, or privileges of employment because of the individual's age.

35.

The employer would not bring Plaintiff Santiago back to modified or full-time work following her work-related injury, but returned other injured employees who were younger than her to work.

///

///

PAGE 11 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

36.

The employer violated ORS 659A.030(1)(a) and/or (b) in its employment practices with

Plaintiff Santiago, all of which were motivated in whole or in part by age.

## THIRD CLAIM FOR RELIEF

### (Disability Discrimination)

### COUNT ONE

### Disability Discrimination - ORS 659A.112

37.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the

prior paragraphs of this complaint.

38.

It is the public policy of Oregon to guarantee individuals the fullest possible participation

in the social and economic life of the state and to engage in remunerative employment without

discrimination on the basis of disability.

39.

Plaintiff Santiago suffered from disabling physical impairments, which resulted in

substantial limitations in one or more major life activities including walking, talking, caring for

herself, performing manual tasks, and/or working. The impairments and their treatment resulted

in a substantial limitation in one or more major bodily functions.

40.

Plaintiff Santiago is protected by statute as a person with a disability due to her actual

disability, because of her record of disability, and/or because Defendants regarded her as

PAGE 12 – **COMPLAINT**

disabled because they subjected her to actions prohibited under ORS 659A.112 to 659A.139 because of an actual or perceived physical or mental impairment.

41.

At all material times, Plaintiff Santiago was a qualified individual with a disability in that she was able to perform the essential functions of the position of employment she held with the employer with accommodation or without accommodation.

42.

The employer employs more than six persons and under ORS 659A.106 is subject to ORS 659A.112.

43.

Defendants were motivated in material part by Plaintiff Santiago's disability in their decisions to adversely alter the terms and conditions of her employment, refuse reasonable accommodations, and terminate her employment as alleged herein in violation of ORS 659A.112.

**COUNT TWO**

**Failure to Accommodate – ORS 659A.112**

44.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

45.

Plaintiff Santiago requested reasonable accommodations from the employer, including but not limited to modified work as alleged herein.

PAGE 13 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

46.

Defendants failed and refused to provide reasonable accommodations required to permit Plaintiff Santiago to perform the essential functions of employment in violation of ORS 659A.112.

**COUNT THREE**

**Failure to Engage in a Good Faith Interactive Process – OAR 839-006-0206(6)**

47.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

48.

Defendants failed and refused to engage in a good faith interactive process with Plaintiff Santiago regarding her requests for reasonable accommodation as alleged herein in violation of ORS 659A.112 and 839-006-0206(6).

**FOURTH CLAIM FOR RELIEF**

**(Oregon Sick Leave Retaliation)**

49.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

///

///

///

PAGE 14 – **COMPLAINT**

CRISPIN HANNON LLC
1834 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

50.

Under ORS 653.641(2), it is an unlawful employment practice to "…retaliate or in any way discriminate against an employee with respect to any term or condition of employment because the employee has… taken sick time…."

51.

Defendants retaliated against Plaintiff Santiago for her use of her protected sick time after cutting off communications, refusing to reinstate her, and ultimately wrongfully discharging her.

**FIFTH CLAIM FOR RELIEF**

**(Retaliation)**

**COUNT ONE**

**ORS 659A.109**

52.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

53.

It is an unlawful employment practice for an employer to discriminate against an individual with respect to hire or tenure or any term or condition of employment because the individual has applied for benefits or invoked or used the procedures provided for in the Oregon Law Against Disability Discrimination, ORS 659A.103 to 659A.145.

54.

Plaintiff Santiago's requests for accommodation constituted her applying for benefits under and her invoking and using the procedures provided for in ORS 659A.103 to 659A.145.

PAGE 15 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

55.

Defendants discriminated against Plaintiff Santiago in the terms and conditions of her employment and in the termination of her employment because Plaintiff Santiago made use of the Oregon Law Against Disability Discrimination in violation of ORS 659A.109.

**COUNT TWO**

**ORS 659A.199 – To Employer**

56.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

57.

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

58.

Plaintiff Santiago consistently made attempts to return to work as required by law. Plaintiff Santiago pushed back against the employer's actions keeping her from returning to work. Plaintiff Santiago believed the employer's actions were violations of state or federal law, rule, or regulation.

59.

Defendants discriminated against Plaintiff Santiago in the terms and conditions of her

PAGE 16 – **COMPLAINT**

CRISPIN HANNON LLC
1834 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

employment and in the termination of her employment because of Plaintiff Santiago's efforts in holding Defendants accountable.

60.

Defendants' conduct as alleged herein is in violation of ORS 659A.199.

**COUNT THREE**

**ORS 659A.199 – To BOLI**

61.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

62.

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

63.

Plaintiff Santiago reported her allegations of employment law violations against the employer to the Bureau of Labor and Industries (BOLI). Plaintiff Santiago believed the employer's actions were violations of state or federal law, rule, or regulation.

64.

Defendants discriminated against Plaintiff Santiago in the terms and conditions of her employment and by terminating her employment after BOLI issued its final decision on her case.

PAGE 17 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

65.

Defendants' conduct as alleged herein is in violation of ORS 659A.199.

**SIXTH CLAIM FOR RELIEF**

**(Retaliation)**

**ORS 659A.030(1)**

66.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

67.

It is an unlawful employment practice for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice under ORS Chapter 659A.

68.

Plaintiff Santiago opposed the employer's discrimination by expressing her opposition to the employer and also reporting age and disability discrimination to BOLI. The actions by Plaintiff Santiago, as described herein, constitute opposition to unlawful practices under ORS Chapter 659A.

**SEVENTH CLAIM FOR RELIEF**

**Wrongful Discharge**

69.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

PAGE 18 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

Exhibit A
Page 18 of 23

70.

The public policy of Oregon prohibits an employer from retaliating against an employee for reporting in good faith the violation of law, regulation, or rule, which public policy is reflected in the statutes and regulations of the state of Oregon, including but not limited to ORS 659A.199, which statutes expressly reserve to an aggrieved employee "any common law remedy" or "other remedy that may be available to an employee for the conduct" constituting a violation of such statutes.

71.

Defendants, through agents and/or employees, violated such public policies by firing Plaintiff Santiago in retaliation for her pursuit and exercise of her rights related to her role as an employee, which rights are of important public interest.

72.

The employer's firing of Plaintiff Santiago also constituted an intentional breach of public policy favoring an employee's right to invoke the workers' compensation system under ORS 656 and/or seek time off work to care for the employee's own serious medical condition, and to restoration of a job upon her return, as expressed in ORS 659A.150, et seq. and 29 U.S.C. § 2601, et seq.

73.

Plaintiff Santiago does not have an adequate statutory remedy available to her under ORS 659A.183 because the available statutory remedies fail to compensate her for the noneconomic injuries she has suffered as a result of her wrongful discharge and because they fail to provide for punitive damages.

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

## EIGHTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

74.

Plaintiff Santiago re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

75.

Defendants acted as alleged herein with the intent to cause Plaintiff severe mental or emotional distress.

76.

Defendants knew or should have known that their acts, as alleged herein, were substantially certain to result in Plaintiff's severe mental or emotional distress.

77.

Plaintiff Santiago was particularly vulnerable to Defendants' conduct due to her then existing medical impairments, her physical limitations, and her medical treatment, as well as her role as a subordinate employee relying on her employer for assistance in returning to work following her on-the-job injury.

78.

The employer's conduct directed toward Plaintiff Santiago exceeded any limit of socially tolerable conduct.

79.

The acts as alleged herein caused Plaintiff Santiago to suffer severe mental and emotional harm and distress.

PAGE 20 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

80.

Defendant PeaceHealth is vicariously liable for the acts of its employees and agents.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff Santiago requests the following Judgment against and relief from Defendants:

1. Declare Defendants in violation of the statutes set forth in Plaintiff Santiago's First through Sixth Claims for Relief;

2. Order Defendants to compensate Plaintiff Santiago for her economic losses in such amounts as are awarded by a jury on her First through Eighth Claims for Relief;

3. Order Defendants to make Plaintiff Santiago whole by providing compensation for noneconomic losses in such amounts as are awarded by a jury on each of her Claims for Relief;

4. After amendment, assess against Defendants punitive damages in such amounts as are found appropriate by a jury to punish and deter Defendants and others from similar conduct in the future;

5. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

6. Assess against Defendants Plaintiff Santiago's costs of suit and reasonable attorneys' fees, costs, and expert witness fees on her First through Sixth Claims for Relief;

7. Order Defendants to pay prejudgment interest and post-judgment interest on all amounts due to Plaintiff Santiago as a result of this action, with interest at the prevailing rate; and

PAGE 21 – **COMPLAINT**

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

8.  Order such further or alternative relief in favor of Plaintiff Santiago as the court deems

appropriate.

**JURY TRIAL DEMAND**

Plaintiff Santiago demands a jury trial on all questions of fact or combined questions of

law and fact raised by this complaint.

DATED: November 17, 2023.

CRISPIN HANNON LLC

   /s/David M. Hannon
David M. Hannon, OSB No. 045666

**CRISPIN HANNON LLC**
1834 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

12/21/2023 9:46 AM
23CV47352

1

2

3

4                IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                      FOR THE COUNTY OF LANE

6   KELCIE SANTIAGO, an individual,

7            Plaintiff,                          No. 23CV47352

8       v.                                       ACCEPTANCE OF SERVICE

9   PEACEHEALTH, a Washington non-profit
    organization; PEACEHEALTH SACRED
10  HEART MEDICAL CENTER AT
    RIVERBEND, the assumed business name for
11  PEACEHEALTH, a Washington non-profit
    organization; and PEACEHEALTH
12  RIVERBEND, LLC, a domestic limited
    liability corporation,
13
             DefendantS.
14

15       I, Matthew Singer, attorney for Defendants PeaceHealth, PeaceHealth Sacred Heart

16  Medical Center at RiverBend, and PeaceHealth RiverBend, LLC (collectively, referred to as

17  "PeaceHealth"), herein, hereby accepts service of the Complaint on behalf of PeaceHealth. Other

18  than the defense of insufficiency of service of process, this Acceptance of Service does not waive

19  any rights or defenses.

20       Dated this 13th day of December, 2023.

21                                SCHWABE, WILLIAMSON & WYATT, P.C.

22
                          By:   _____
23                              Matthew Singer, OSB #055090
                                Email: msinger@schwabe.com
24                              Telephone: 503-222-9981
                                Facsimile: 503-796-2900
25
                                Of Attorneys for Defendants
26

Page 1 -    ACCEPTANCE OF SERVICE

PDX\129564\281615\MSI\40868403.1